**IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX**

| | |
|---|---|
| **UNITED STATES OF AMERICA**, Plaintiff, v. **ZAKEE ABDUR RASHEED,** Defendant. | **CRIMINAL NO. 2019-07** |

**GOVERNMENT'S SENTENCING MEMORANDUM**

The United States of America, through Gretchen C.F. Shappert, United States Attorney, and the undersigned Assistant United States Attorney, hereby file the following sentencing memorandum. Defendant possessed an identification document of another with the intent to defraud. In light of his conduct and for the reasons provided below, the Government recommends, consistent with the parties' plea agreement, the imposition of a sentence of probation.

**BACKGROUND**

In or about the year 2012, Defendant arranged to, and did, obtain a Virgin Islands driver's license in the name of, and date of birth for, Maria Henry. The license bore the photograph of Defendant's wife, Ameena Ali. Defendant intended that the false driver's license would be used in an application for a United States passport by Ameena Ali in the name of Maria Henry.

On February 19, 2019, Defendant pled guilty to Possession of Identification Document With Intent to Defraud in violation of 18 U.S.C. § 1028(a)(4) and (b)(6).

United States v. Rasheed, Crim. No. 2019/07
Government's Sentencing Memorandum
Page 2

## SENTENCE ANALYSIS

A) <u>Statutory Provisions</u>

The applicable statute for Defendant's conviction prescribes a penalty of incarceration for not more than one year. 18 U.S.C. § 1028(a)(4) and (b)(6).

B. <u>Sentencing Guidelines</u>

After <u>United States v. Booker</u>, 543 U.S. 220 (2005), sentencing, regarding federal violations of federal law, involves a three-step process: (1) "district courts are to calculate a defendant's sentencing Guidelines range precisely as they would have before pre-<u>Booker</u>"; (2) courts must formally rule on any departure motions "and state on the record whether they were granting a departure and, if so, how such a departure affects the initial Guidelines calculation"; and (3) courts "are required to exercise their discretion by considering the relevant 18 U.S.C. §3553(a) factors in setting their sentences, regardless of whether it varies from the original calculation." <u>United States v. Fumo</u>, 655 F.3d 288, 329 (3d Cir. 2011); <u>accord</u> <u>United States v. Goff</u>, 501 F.3d 250, 254 (3d Cir. 2007).

1. <u>The Advisory Guideline Sentence Is 6 to 12 Months</u>

With respect to the advisory guideline range (or advisory guideline sentence) "[C]ourts must continue to calculate a defendant's Guidelines sentence precisely as they would have before Booker." <u>United States v. Grier</u>, 475 F.3d 556, 608 (3d

United States v. Rasheed, Crim. No. 2019/07
Government's Sentencing Memorandum
Page 3

Cir. 2007) (en banc) (internal quotation marks omitted). The Court must expressly rule on "'any disputed portion of the presentence report or other controverted matter ... or determine that a ruling is unnecessary either because the matter will not affect sentencing, or because the court will not consider the matter in sentencing.'" United States v. Leahy, 445 F.3d 634, 663 (3d Cir. 2006), quoting Fed. R. Crim. P. 32(i)(3)(B). "[A]s before Booker, the standard of proof under the guidelines for sentencing facts continues to be preponderance of the evidence." United States v. Ali, 508 F.3d 136, 143-46, 155 (3d Cir. 2007) (internal quotation marks omitted).

With respect to the offense of possession of identification document with intent to defraud, the Office of Probation calculated a guideline sentence of 6 to 12 months (Level 12) after applying a specific offense characteristic for use of the identification document to obtain another means of identification. U.S.S.G. §§2B1.1(a)(2) and (b)(11)(C)(i).   The Government concurs with this calculation.

2. No Guideline Departure Nor Variance Is Warranted

Neither party has sought a departure in this case and none is warranted. Accordingly, no downward departure should be granted and the advisory Guideline sentence mentioned above should remain unchanged.  If the Court is contemplating a departure "from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing

United States v. Rasheed, Crim. No. 2019/07
Government's Sentencing Memorandum
Page 4

submission," it must give the parties "reasonable notice." Fed. R. Crim. P. 32(h); see Izirarry v. United States, 553 U.S. 708, 713-14 (2008); United States v. Vampire Nation, 451 F.3d 189, 197-98 (3d Cir. 2006).

    3. Sentencing Factors

Under §3553(a), "[t]he Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. §3553(a). Those purposes are "(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." 18 U.S.C. §3553(a)(2). In determining that sentence, this Court must consider "the nature and circumstances of the offense and the history and characteristics of the defendant," 18 U.S.C. §3553(a)(1), "the kinds of sentences available," §3553(a)(3), the Guidelines and Guideline range, §3553(a)(4), the Guidelines' policy statements, §3553(a)(5), "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct," §3553(a)(6), and "the need to provide restitution to any victims of the offense," §3553(a)(7).

The offense of conviction involves a victim although no loss was suffered as

United States v. Rasheed, Crim. No. 2019/07
Government's Sentencing Memorandum
Page 5

a result of Defendant's conduct.  Nevertheless, the possession and use of someone's identification is a **serious offense** which concerns the community. This Court should consider the **nature and circumstances** of the offense, the need to **promote respect for the law,** to **deter others** and to **protect the public** in fashioning a sentence.  In light of the absence of any injury or loss to a victim emanating from Defendant's conduct the Government believes the purposes of sentencing can be served without the imposition of a term of incarceration.

## CONCLUSION

For the reasons mentioned above and consistent with the plea agreement in this matter, the Government recommends the imposition of a sentence of probation.

DATED: August 14, 2018                          GRETCHEN C. F. SHAPPERT
                                                United States Attorney

                                                /s/ Alphonso G. Andrews, Jr.
                                          BY:   Alphonso G. Andrews, Jr.
                                                Assistant U.S. Attorney

USA v Rasheed, Crim. No. 2019/07
Govt's Sentencing Memorandum
Page 6

# CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that on the 14th day of August 2019 I electronically filed the foregoing Government's Sentencing Memorandum with the Clerk of the Court using the CM/ECF System, which will send a notification of such filing (NEF) to the defense counsel on record, that is, Jeffrey Moorhead, 1132 King Street, Suite 3, St. Croix, Virgin Islands 00820.

/s/ Alphonso G. Andrews, Jr.
Alphonso G. Andrews, Jr
Assistant U.S. Attorney
U.S. Attorney's Office
1108 King Street, Suite 201
Christiansted, USVI 00820
Telephone: 340-773-3920
Fax: 340-773-1407
